**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

LABORATORY CORPORATION
OF AMERICA, INC.,

    Plaintiff,

              Case No. 1:26-cv-11208

v.

MICHIGAN HEALTH CLINCS, PC,

          Hon. Brandy R. McMillion
          United States District Judge

    Defendant.

_____/

## <u>ORDER SUMMARILY REMANDING CASE</u>

On April 14, 2026, Defendant Michigan Health Clinics, PC ("Defendant")
filed a Notice of Removal seeking to remove a civil action pending against it in the
Saginaw County Circuit Court in Saginaw, Michigan (Case No. 24-000546-CB),
brought by Plaintiff Laboratory Corporation of America, Inc. ("Plaintiff"). *See
generally* ECF No. 1. Defendant claims that the action arises under the False Claims
Act ("FCA"), 31 U.S.C. §§ 3729-3733, the Physician Self-Referral Law ("Stark
Law"), 42 U.S.C. § 1395nn, and the Anti-Kickback Statute, 42 U.S.C. § 1320a-
7b(b), giving this Court federal question jurisdiction pursuant to 28 U.S.C. § 1331.
*Id*. at PageID.1. The Court finds that Defendant's removal is improper and therefore
**SUMMARILY REMANDS** the case back to State Court.

1

## I.

A review of the Notice of Removal reveals that this is a debt collection action in which Plaintiff is suing Defendant for collection of an alleged debt for laboratory service which resulted in a default judgment being entered in the state court.  ECF No. 1, PageID.1.  The removal filing is bare-bones and does not include a copy of the underlying complaint.

## II.

Under 28 U.S.C. §1455(b)(4), the Court is required to promptly examine a petition for removal and summarily remand the proceedings back to state court if "it clearly appears on the face of the notice… that removal should not be permitted…" *Id*.  Section § 1441(a) provides that a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *see also Eastman v. Marine Mechanical Corp.,* 438 F.3d 544, 549 (6th Cir. 2006) ("[T]he scope of removal jurisdiction based on the existence of a federal question under § 1441(b) is considered to be identical to the scope of federal question jurisdiction under § 1331.").  A court looks to plaintiff's "well-pleaded complaint" to determine if a claim arises under federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).  The complaint must establish either: (1) that "federal law creates the

cause of action" or (2) "that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Eastman*, 438 F.3d at 550 (internal citations omitted); *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2012).  The removing party carries the burden of demonstrating jurisdiction.  *Eastman,* 438 F.3d at 549.  And because "lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand."  *Id.* at 549–50 (cleaned up).

### III.

Defendant asserts that this Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, because "the underlying contract and debt are void and unenforceable due to violations of the False Claims Act (31 U.S.C. §§ 3729-3733), the Physician Self-Referral Law (Stark Law, 42 U.S.C. § 1395nn), and the Anti-Kickback Statute, (42 U.S.C. § 1320a-7b(b))." ECF No. 1, PageID.2.  However, the Court is not persuaded.  The Removal Notice states:

> Laboratory Corporation of America induced physicians affiliated with Michigan Health Clinics to order certain laboratory tests, then shifted unreimbursed charges (including those denied by Medicare and other federal healthcare programs) to Michigan Health Clinics after failing to obtain payment from insurers.  This constitutes an improper inducement and back-billing scheme that violates federal healthcare fraud and abuse statutes.

*Id.*  While that may be true, that does not change the nature of the claims at issue. This lawsuit is about the collection of debt, and that is not a federal claim.

To the extent that Defendant seeks to raise violations of these federal statutes as a defense to the collection claims, a federal defense cannot form the basis for removal to federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). And to the extent that Defendant would like to assert counterclaims under any of those statutes,[1] that also would not give rise to federal jurisdiction in this Court because a defendant cannot render a case removable to federal court by asserting a counterclaim under federal law. *See also Garbaccio v. Columbia Gas Transmission Corp.*, 289 F. Supp. 2d 903, 905 (N.D. Ohio 2003) ("There has never been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule.") (internal citation omitted). Consequently, this Court lacks jurisdiction to hear the claims raised by Plaintiff and this case must be remanded to state court.

## IV.

Accordingly, the Court **SUMMARILY REMANDS** this action back to state court.

**IT IS SO ORDERED.**

Dated: April 29, 2026                                  s/Brandy R. McMillion
     Detroit, Michigan                           HON. BRANDY R. MCMILLION
                                 United States District Judge

---

[1] The Court further notes that the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), is a criminal statute that does not give rise to a private civil cause of action.